IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| DOVE JONES,<br>    PLAINTIFF | } } } | JURY TRIAL DEMANDED |
| v. | } } | CASE No.  PX 24CV1271 |
| EQUIFAX INFORMATION SERVICES LLC,<br>TRANS UNION LLC, EXPERIAN<br>INFORMATION SOLUTIONS, INC.,<br>    DEFENDANTS | } } } } | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for damages brought by individual consumer Dove Jones ("Ms. Jones"), against Defendants Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Transunion"), and Experian Information Solutions, Inc ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. The venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

1

### III.    **PARTIES**

3. Plaintiff is a natural person residing in Oxon Hill, Maryland.

4. Plaintiff is a consumer as defined by the Fair Credit Reporting Act 15 U.S.C. § 1681a(c).

5. Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Equifax's registered agent is CSC-Lawyers Incorporating Service Company, 7 St. Paul Street Suite 820 Baltimore, MD 21202.

6. Transunion is a corporation with its principal place of business located at 555 West Adams Street Chicago, Illinois 60661. Transunion's registered agent is CSC-Lawyers Incorporating Service Company, 7 St. Paul Street Suite 820 Baltimore, MD 21202.

7. Experian is a corporation with its principal place of business located at 475 Anton Blvd Costa Mesa, California 92626. Experian's registered agent is The Corporation Trust, Incorporated, 2405 York Road Suite 201 Lutherville Timonium, MD 21093.

8. Upon information and belief, Equifax, Transunion, and Experian are consumer reporting agencies that complies and maintains files on consumers on a nationwide basis as defined by 15 U.S.C. § 1681a(p). Upon information and belief, Equifax, Transunion, and Experian are regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity.

### IV.    **PRELIMINARY STATEMENT**

9. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. 15 U.S.C. § 1681(a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

10. Consumer reporting agencies are to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information…" 15 U.S.C. § 1681(b).

11. Defendants have failed their grave responsibilities of fairness, impartiality, and a respect of Plaintiff's right of privacy, which failures are causing damage to Plaintiff.

## V.     FACTUAL ALLEGATIONS

12. On or about January 2024, Plaintiff obtained her consumer reports (hereinafter "credit report") from Defendants, only to discover erroneous information being reported in her file, including a public record, known as a "bankruptcy".

13. Plaintiff was surprised to see the bankruptcy being reported to her file.

14. Plaintiff noticed the bankruptcy on her credit report listed the United States Bankruptcy Court of Greenbelt, as the source of this information, or in other words the data furnisher.

15. Plaintiff contacted the courthouse to obtain more information on how to remove this bankruptcy from her credit report, only to discover that the United States Bankruptcy Court of Greenbelt does not report any information to the consumer reporting agencies. Also, the United States Bankruptcy Court of Greenbelt informed Plaintiff that they were not responsible for verifying information from consumer credit files.

16. On or around January 2024, after learning all this new information, Plaintiff sent dispute letters to Defendants disputing the accuracy of the information on her credit report, including the bankruptcy.

17. Furthermore, the dispute letter had a PDF attached to it, from the United States Bankruptcy Court of Greenbelt, which was dated March 11th, 2020. That displayed the following information:

    a) *"The United States Bankruptcy Court does not report any information to the credit bureaus. The U.S. Bankruptcy Court is not responsible for verifying or validating information from consumers' credit files."*

18. Plaintiff requested a description of the procedure used to determine the completeness and accuracy of the disputed information, be provided to her by Defendants once the dispute was completed.

19. Equifax received Plaintiff dispute on February 2nd, 2024, via certified mail (Tracking number: 9589 0710 5270 1019 7655 29).

20. Transunion received Plaintiff dispute on February 2nd, 2024, via certified mail (Tracking number: 9589 0710 5270 1019 7655 43).

21. Experian received Plaintiff dispute on February 12th, 2024, via certified mail (Tracking number: 9589 0710 5270 1019 7655 36).

22. Upon confirmation of delivery, Defendants processed Plaintiffs disputes and contacted all the data furnishers listed in the dispute letter.

23. Experian notified Plaintiff of her dispute results being ready on February 24th, 2024.

24. Plaintiff reviewed the dispute results from Experian, only to discover that Experian had ignored her dispute regarding the bankruptcy being reported on her credit report.

25. Experian failed to investigate Plaintiff's dispute in regard to the bankruptcy.

26. Plaintiff reviewed an updated credit report from Experian. The updated credit report failed to contain updated account information or reflect the disputed status of the information on the account(s) as specified in Plaintiff's dispute letter.

27. The updated Experian credit report still contained inaccurate, incomplete, misleading, and false information even after Plaintiff had disputed it.

28. Transunion mailed dispute results to Plaintiff, which was dated February 15th, 2024.

29. Plaintiff reviewed the dispute results from Transunion, in which they "verified" all account(s), including the bankruptcy disputed by Plaintiff.

30. Plaintiff reviewed an updated credit report from Transunion. The updated credit report failed to contain updated account information or reflect the disputed status of the information on the account(s) as specified in Plaintiff's dispute letter.

31. The updated Transunion credit report still contained inaccurate, incomplete, misleading, and false information even after Plaintiff had disputed it.

32. Equifax mailed dispute results and an updated credit report to Plaintiff, which both were dated February 7th, 2024.

33. Plaintiff reviewed the dispute results from Equifax, in which they "verified" all account(s), including the bankruptcy disputed by Plaintiff.

34. Plaintiff reviewed the updated credit report from Equifax. The updated credit report failed to contain updated account information or reflect the disputed status of the information on the account(s) as specified in Plaintiff's dispute letter.

35. Plaintiff received false, insufficient, and misleading information in regards to the Bankruptcy dispute in accordance with 15 U.S.C. § 1681i(6)(B)(iii) from Defendants.

36. Plaintiff questions the Defendants Transunion and Equifax's ability to verify her dispute concerning the bankruptcy, given that the United States Bankruptcy Court of Greenbelt neither furnishes data to consumer reporting agencies nor validates information within consumer credit profiles.

37. After doing some research, Plaintiff discovered the source of the information reporting this bankruptcy to her file, was another consumer reporting agency, known as "Lexis Nexis".

38. Defendants did not identify "LexisNexis" as the source of the public record information making it more difficult for Plaintiff, to correct errors relating to this public record that were caused by Defendants and/or private vendors sources.

39. Defendants misrepresented to Plaintiff the source of the public record information that was furnished on her credit report, in violation of 15 U.S.C. § 1681g(a)(2).

40. Upon information and belief, Defendants failed to have a procedure in place to assure maximum possible accuracy. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Defendants did not evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the Bankruptcy representation.

41. Defendants failed to conduct a reasonable reinvestigation, contact Plaintiff, contact third parties, or review any underlying account information with respect to the disputed information and the accuracy of the disputed information.

42. Defendants failed to provide Plaintiff with a description of the procedure used to determine the completeness and accuracy of the disputed information, be provided to her once the dispute was completed.

43. Defendants failed to consider and forward all relevant information to the furnisher of information.

44. Defendants failed to delete information that was inaccurate, incomplete, or unverifiable.

45. Despite the Plaintiff efforts to rectify this situation, this bankruptcy which is unverifiable, is still being reported on her credit report, causing ongoing frustration and concern. In addition to that, the unverifiable bankruptcy has significantly impacted Plaintiffs financial reputation and creditworthiness, hindering her ability to apply for credit.

46. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that has been disseminated to various persons and credit grantors, both known and unknown.

47. In an effort to rebuild her credit report, Plaintiff applied for credit cards from American Express, Goldman Sachs Bank, and Truist Bank, but was subsequently denied based on the inaccurate reporting by Defendants.

48. As a result of Defendants conduct, Plaintiff suffered damages, including actual damages, limited but not limited to humiliation, emotional distress, severe anxiety and stress, denials of credit, damage to financial reputation, embarrassment, frustration, and damage to Fico score.

49. Defendants failed to act with reasonable promptness in the investigation and resolution of Plaintiff's dispute, which is in violation of 15 U.S.C. § 1681i(a)(1)(A).

50. Defendants failed to take the necessary steps to ensure the accuracy of the information.

### VI.    COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i
### AGAINST DEFENDANTS

51. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

52. Defendants have violated 15 U.S.C. § 1681e(b) in that they failed to maintain reasonable procedures to assure maximum possible accuracy.

53. Defendants violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

    a) Failing to conduct a reasonable reinvestigation of Plaintiff's disputes concerning all items of information that Plaintiff disputed, and (il) record the correct statuses

of the disputed information or delete the disputed information from Plaintiff's credit file, in violation of 15 U.S.C. § 1681(a)(1);

b) Failing to consider and forward all relevant information to the furnisher of information, in violation of 15 U.S.C. § 1681(a)(4);

c) Failing to delete information that was inaccurate, incomplete, or cannot be verified, in violation of 15 U.S.C. § 1681(a)(5);

d) Failing to provide a description of the procedures used to determine the completeness and accuracy of the disputed information, in violation of 15 U.S.C. § 1681(a)(7);

54. As a result of Defendant's conduct, Plaintiff has suffered damage and continues to suffer, actual damages, including humiliation, emotional distress, severe anxiety and stress, denials of credit, damage to financial reputation, embarrassment, and damage to Fico score.

55. Defendants conduct was willful and therefore, are liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

56. In the alternative, Defendants conduct was negligent and therefore, are liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681o.

57. Plaintiff is entitled to recover costs from Defendants pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

### VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a) For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

b) Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

c) Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n;

d) Award costs and expenses of suit incurred herein pursuant to 15 U.S.C. §§ 1681n and 1681o;

e) That judgment be entered against Defendant for actual and monetary damages accrued by Plaintiff as a result of Defendant' violations;

f) Grant such other and further relief as the Court deems just and proper.

### VIII. JURY DEMAND

Plaintiff respectfully demands a jury trial on all triable matters.

Dated: April 30th, 2024

Respectfully Submitted,

By: *[signature]*

Dove Jones – Pro Se Plaintiff
847 Neptune Avenue
Oxon Hill, MD 20745
(301) 537-8123
dovejones1012@yahoo.com