IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DOVE JONES, | * | |
|    Plaintiff, | * | |
| v. | * | Civil Action No. 8:24-cv-01271-PX |
| EQUIFAX INFORMATION SERVICES LLC, | * | |
|    Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending are Defendant Equifax Information Services LLC's ("Equifax") Motion to Dismiss and Plaintiff Dove Jones' ("Jones") Motion for Leave to File Second Amended Complaint. ECF Nos. 20 & 22. The motions are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the reasons that follow, Equifax's Motion to Dismiss is GRANTED IN PART and DENIED IN PART, and Jones' Motion for Leave to File a Second Amended Complaint is GRANTED IN PART and DENIED IN PART.

### I.  Background

Jones, proceeding pro se, initiated this action on April 30, 2024, against Equifax and other consumer reporting agencies ("CRAs"), asserting claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. ECF No. 1. Jones later amended her Complaint as of right. ECF Nos. 18 & 24. All defendants save for Equifax have been dismissed from this suit. ECF Nos. 32 & 34. The following averred facts, taken most favorably to Jones as the nonmovant, pertain to Equifax only.

On January 23, 2024, Jones mailed Equifax a dispute letter regarding several accounts, to include: 1) a "KOHLSCAPONE" account beginning in 639305 ("Kohl's account"); 2) a "CAPITAL ONE" account beginning in 517805 ("Capital One account"); 3) a "NAVY FEDERAL

1

CREDIT UNION" account beginning in 346802 ("NFCU 1 account"); and 4) a public record from the United States Bankruptcy Court in Greenbelt, Maryland. ECF No. 18-1 ¶ 18. The letter also included a PDF from the Bankruptcy Court stating that the court "does not report any information to the credit bureaus" and "is not responsible for verifying or validating information from consumers' credit files." *Id.* ¶ 20. Jones also asked Equifax to share its procedures for verifying the accuracy of such information. *Id.* ¶ 21; ECF No. 20-2 at 2.

Equifax received Jones' letter on February 2, 2024, and responded in writing on February 7, 2024. *Id.* ¶¶ 19 & 44; *see also* ECF No. 20-6. The response explained Equifax's investigatory process, including verification with furnishers of credit information, and informed Jones of the procedures to dispute the results. Specifically, Equifax invited Jones to "add a statement of up to 100 words to your credit report" memorializing the dispute; to discuss the disputes directly with the furnishers; to provide additional information to Equifax; or to file a complaint. ECF No. 20-6.

Dissatisfied with Equifax's response, Jones filed this lawsuit. She identifies the following deficiencies in the revised credit report: (1) for the NFCU 1 and Kohl's accounts, payment history is not included for all of 2017 and January through November 2018; (2) the Capital One account is identified as 120 days late as of October 2018 when it was, in fact, 150 days late; (3) the reference to the 2019 bankruptcy is unreliable because a third-party vendor, LexisNexis, had supplied the information; and (4) a second Navy Federal Credit Union account beginning in 430015 ("NFCU 2 account") was inaccurately reported as included in the 2019 bankruptcy and lacked payment history. ECF No. 18-1 ¶¶ 44–65. Jones avers these inaccuracies caused credit denials from American Express, Goldman Sachs Bank, and Truist Bank, although she provides no details as to

when. *Id. ¶* 67. Nonetheless, Jones alleges her declining credit score has caused her emotional distress and severe anxiety. *Id.* ¶ 68.

Jones sues under 15 U.S.C. § 1681e(b), which governs a CRA's obligations to report credit information accurately, and § 1681i, which governs CRA reinvestigation obligations. *Id*. ¶¶ 69–75. Equifax moves to dismiss the Amended Complaint for failure to state a claim.[1] ECF No. 20. Jones asks for leave to file a second amended complaint, which Equifax opposes on futility grounds.[2] ECF Nos. 22, 26 & 27. The Court considers each motion separately.

## II.     Motion to Dismiss

### A.     Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include sufficient averred facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Jones proceeds pro se, the Court must give the Amended Complaint an especially charitable reading to allow all potentially viable claims to proceed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In resolving the motion,

---

[1] The Amended Complaint, which is the operative pleading, was initially filed as an attachment at ECF No. 18-1. For clarity, the Clerk later docketed it as a stand-alone entry. ECF No. 24.
[2] The proposed second amended complaint had been docketed at ECF No. 22-2. But Jones later filed a redlined version at ECF No. 26, which differs slightly in paragraph numbering and content. The Court will refer only to the redlined version at ECF No. 26 as the proposed second amended complaint

the Court may also consider documents "integral to and explicitly relied on in the complaint," where authenticity is not in dispute. *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

### B.     Analysis

Jones alleges that Equifax's reporting methods violated §§ 1681e(b) and 1681i of the FCRA. § 1681e(b) sets out a CRA's obligation to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." To state a claim under this provision, a plaintiff must plausibly allege that: "(1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001).

Section 1681i covers the procedures the CRA must follow in responding to consumer disputes. Specifically, § 1681i(a)(1)(A) compels a CRA to conduct a reasonable investigation into disputed credit information that the CRA has reported and, within thirty (30) days, either correct or delete any information that it determines to be inaccurate, incomplete, or unverifiable. In so doing, the CRA must consider all relevant information that the consumer submits, *see* § 1681i(a)(4), and notify the furnisher of the credit information of any modifications made, *see* § 1681i(a)(5). Also, the CRA must describe the reinvestigation procedures within fifteen (15) days, if the consumer requests it. *See* § 1681i(a)(7).

Central to pursuing either cause of action remains plaintiff's obligation to show that the challenged information in the credit report is "inaccurate." *See Alston v. Equifax Info. Services*, LLC, No. CV TDC-15-3343, 2016 WL 5349716, at *2 (D. Md. Sept. 22, 2016) (citing *Dalton,* 257 F.3d at 415). "A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse [ ]' effect" on the consumer. *Dalton*, 257 F.3d at 415 (quoting *Sepulvado v. CSC Credit Servs*., 158 F.3d 890, 895

4

(5th Cir. 1998)).  Equifax argues that for none of the disputed areas does the Amended Complaint plead sufficient "inaccuracies" to survive challenge.  The Court considers each area separately.

### i.     2019 Bankruptcy

For the 2019 bankruptcy, Equifax rightly argues the reporting was accurate.  ECF No. 20 at 5.[3]  The bankruptcy court records confirm that Jones had filed for Chapter 13 bankruptcy on January 8, 2019, and later received a discharge on August 3, 2021.  ECF Nos. 20-3, 20-4 & 20-5.  Equifax reported to Jones as much in its response to her January 2024 letter.  ECF No. 20-6.  Jones, for her part, merely highlights that Equifax's source of the bankruptcy information is LexisNexis.  ECF No. 18-1 ¶¶ 54–59.  That may be.  But the information is accurate and, without more, the Amended Complaint fails to make plausible an FCRA violation related to her bankruptcy.  Thus, the claim premised on the reported bankruptcy is dismissed.

### ii.    NFCU 2 Account

As to the NFCU 2 account, Jones complains that Equifax erroneously reported this account as part of her bankruptcy.  Equifax, in response, argues that because Jones did not include this account in her January 2024 dispute letter, Equifax had no obligation to investigate her claims.  ECF No. 20 at 6.  Jones concedes that she never formally disputed the accuracy of NFCU 2, and so Equifax cannot be held liable under § 1681i.  But as to her § 1681e(b) claim, Jones rightly points out that she is not required to first file a dispute with the CRA before suing.  *See Dalton*, 257 F.3d at 415; *see also Benjamin v. Experian Info. Sols., Inc.*, 561 F. Supp. 3d 1330, 1339 (N.D. Ga. 2021) (collecting cases).

Moreover, the Amended Complaint makes the § 1681e(b) claim plausible.  A violation of § 1681e(b) occurs where (1) the consumer report contains inaccurate information and (2) the

---

[3] The Court takes judicial notice of the publicly-filed bankruptcy records at ECF Nos. 20-3, 20-4 & 20-5.  *See Goines v. Valley Community Services Board*, 822 F.3d 159, 166–67 (4th Cir. 2016).

5

reporting agency did not follow reasonable procedures to assure maximum possible accuracy. *See, e.g.*, *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Stewart v. Credit Bureau, Inc.*, 734 F.2d 47, 51 (D.C. Cir. 1984). Equifax appears to have misreported the NFCU 2 account, which was not opened until 2024, as being included in Jones' 2021 bankruptcy. Moreover, although the Amended Complaint is thin, it does aver that the error arose from Equifax's failure to follow "reasonable procedures." ECF No. 18-1 ¶¶ 59–61. Whether a CRA followed reasonable procedures to ensure maximum possible accuracy is often not capable of resolution at the pleading stage. *See, e.g.*, *Dalton*, 257 F.3d at 416 (explaining reasonableness of procedures is a "jury question[ ] in the overwhelming majority of cases") (quoting *Guimond*, 45 F.3d at 1333); *Sarver v. Experian Info. Sol.*, 390 F.3d 969, 971 (7th Cir. 2004) (stating reasonableness of procedures "normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question."); *Grant v. RentGrow, Inc.*, No. SA-21-CV-1172-JKP, 2023 WL 5813140, at *12 (W.D. Tex. Sept. 6, 2023) ("To properly evaluate the reasonableness of a CRA's procedures requires consideration of the totality of circumstances."). Thus, the § 1681e(b) claim as to the NFCU 2 account survives challenge.

      **iii.**    **Capital One Account**

Turning to the Capital One account, Equifax argues that the purported error of reporting the account as 120 days delinquent in October 2018 instead of 150 days late fails because the error is not materially adverse to Jones. ECF No. 20 at 10. The Court agrees with Equifax.

Jones concedes the account was seriously delinquent in both September and October 2018. ECF No. 18-1 ¶ 50. More to the point, if Equifax erred at all, it erred in Jones' favor by *underreporting* the number of days Jones' payment had been late. Such an "error" could not have

*adversely* affected Jones' credit. *Dalton*, 257 F.3d at 415. Accordingly, the alleged error cannot make plausible a § 1681e(b) or § 1681i claim, and the motion to dismiss is granted as to the Capital One account.

### iv. NFCU 1 Account

The Amended Complaint next faults Equifax for failing to note Jones' dispute with the NFCU 1 account information. ECF No. 20 at 10. Although Jones frames the claim as brought under § 1681e(b) and § 1681i,[4] the only pertinent section covering a CRA's obligation to report a "dispute" is § 1681c(f). This section provides that "if a [CRA] is notified pursuant to section 1681s-2(a)(3) . . . that information regarding a consumer [which] was furnished to the [CRA] is disputed by the consumer, the [CRA] shall indicate that fact in each consumer report." The CRA's reporting duties under this section, however, stem from the *furnisher's* obligation to report the dispute to the CRA, not the consumer's. *See Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142, 149 (4th Cir. 2008) (noting § 1681s-2(a)(3) requires furnishers to report consumer disputes). Because the Amended Complaint does not aver that any notice of dispute was submitted to the furnisher, NFCU, this claim fails as a matter of law.

### v. "Omitted" Payment History for NFCU 1 & Kohl's Accounts

The Court lastly considers Jones' "omitted payment history" contentions. Jones seems to suggest that after she asked Equifax to "verify the accuracy" of her credit report, ECF No. 20-2, Equifax somehow violated its obligations under the FCRA by failing to include payments from 2017 and 2018 for several of her accounts. Equifax accordingly argues that its failure to note on-

---

[4] To the extent Jones meant to challenge CRA reporting requirements relevant to the reinvestigation process covered by §§ 1681i(b) and (c), Jones must have first submitted to Equifax a reinvestigation dispute narrative to be included in her credit report. Nothing suggests Jones ever submitted a dispute narrative, and so, any such challenge would also fail as a matter of law.

7

time payments some six-or-seven years ago does not amount to an actionable "inaccuracy." ECF No. 20 at 9.

For an omission to be considered inaccurate, it must be either "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Dalton*, 257 F.3d at 415. Importantly, omission of payment history data, standing alone, does not render a credit report inaccurate or materially misleading. *See Harris v. Experian Info. Sols., Inc.*, No. 6:06-CV-1808-GRA, 2009 WL 10693883, at *5 (D.S.C. June 30, 2009) ("A credit report is not 'inaccurate' simply because it does not include all relevant information about a consumer."); *see also Elsady v. Rapid Global Bus. Sols., Inc.*, 2010 WL 2740154, at *7 (E.D. Mich. July 12, 2010) ("[A] plaintiff's mere assertion that a report was misleading . . . is insufficient to establish that a report was misleading and, therefore, inaccurate.").

This is for good reason. If the credit report specifically articulates delinquent payments, then silence for the other reporting periods can fairly be construed to indicate timely payment. After all, if a payment was late, the credit report would reflect the delinquency. By contrast, Jones asks this Court to infer that silence equates with delinquency or adverse reporting. But she has given the Court no factual basis to support such an inference. *Cf. Alston v. PNC Bank, N.A.*, No. 23-1230-BAH, 2024 WL 3937255, at *4 (D. Md. Aug. 26, 2024) (explaining that the omission of credit-limit history, standing alone, does not state a plausible FCRA claim). For this reason, the lack of payment history claim, too, must be dismissed.

**III.    Jones' Motion for Leave to File Second Amended Complaint**

Jones seeks leave to amend her complaint once again. Under Rule 15(a)(2), courts "should freely give leave [to amend] when justice so requires." Nonetheless, leave may be denied when amendment would be futile—that is, when the proposed amended claims fail as a matter of law.

*See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *see also Whitaker v. Ciena Corp.*, No. RDB-18-0044, 2018 WL 3608777, at *3 (D. Md. July 27, 2018).  In assessing whether an amended claim is futile, the Court applies the same legal standard as it does when reviewing for sufficiency under Rule 12(b)(6).  *See Kerrigan v. Bd. of Educ. of Carroll Cty.*, No. JKB-14-3153, 2016 WL 470827, at *3 (D. Md. Feb. 8, 2016); *see also United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

When viewing the proposed second amended complaint most favorably to Jones, she has cured none of the defective claims.  Beginning with Equifax's alleged failures to report payment history for several accounts, the proposed second amended complaint adds only that the NFCU 1 account had been reported "73 times by the furnisher" with only a single "adverse payment history" noted on the credit report.  ECF No. 26 ¶ 59.  The proposed second amended complaint also adds that the updated credit report reflects three years of monthly data on the Kohl's account—reported by the furnisher for ninety-nine months—including the account balance, scheduled payment, actual payment, and credit limit.  *Id.* ¶¶ 62–64.

None of the additional facts, however, cure the fundamental pleading deficiencies—that silence for reporting periods of the account may just as easily mean the monthly payment was *timely*.  Jones offers no authority to support her theory that Equifax was required to affirmatively report timely payments in perpetuity.  And without more, the Court cannot infer that silence alone is enough to rise to the level of inaccurate or misleading as required by the FCRA.  Amendment is thus futile as to those claims and is denied.[5]

---

[5] Jones also suggests the omission of the historic credit-limits associated with certain accounts constitutes inaccuracy.  ECF No. 26 ¶ 64.  This vague assertion is insufficient state a claim under the FCRA.  *Alston*, 2024 WL 3937255, at *3.

As for the bankruptcy claim, the proposed second amended complaint continues to insist that LexisNexis is an unreliable data vendor on which Equifax should not rely for its information. But this alone does not make the information "inaccurate" under the FCRA. The proposed Amendment does not cure the pleading defects.

Last, the NFCU 2 claim, construed as one brought under § 1681e(b), will still proceed. The additional factual allegations do not change the Court's analysis. But the added factual allegations pertaining to that claim will be accepted for completeness. *See* ECF No. 26 ¶¶ 69–72.

### IV. Conclusion

In sum, a single claim under § 1681e(b) survives, namely that Equifax's inclusion of the NFCU 2 account in the bankruptcy resulted from its alleged failure to follow reasonable procedures to ensure accuracy. As to all remaining claims, Jones has had multiple opportunities to cure the pleading deficiencies and has failed to do so. Because she has attempted to amend her claims more than once, the Court sees no equitable reason to allow amendment again. Accordingly, the remaining claims are dismissed with prejudice. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (explaining that dismissal with prejudice is proper where "it is clear that amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability."). Equifax shall answer or otherwise respond to the sole surviving § 1681e(b) claim related to the NFCU 2 account within fourteen (14) days of this Memorandum Opinion. A separate Order follows.

| 8/8/2025 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |